MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 W. Charleston Blvd., #95
Las Vegas, NV  89102
(702) 870-8700
(702) 870-0034 Fax
mgliner@glinerlaw.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JULIE BUNGANICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| vs. | ) |
| | ) |
| EQUIFAX INFORMATION | ) |
| SERVICES LLC | ) |
| | ) JURY DEMANDED |
| Defendant. | ) |

COMPLAINT

JURISDICTION

1.      The jurisdiction of this Court attains pursuant to the FCRA, 15 U.S.C. Section 1681(p), and the doctrine of supplemental jurisdiction.  Venue lies in the Southern Division of the Judicial District of Nevada as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

PRELIMINARY STATEMENT

2.      The Plaintiff brings this action for damages based upon Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 *et seq.* (hereinafter referred to as "FCRA"), and of state law obligations brought as supplemental claims.

3.      Plaintiff is a natural person and is a resident and citizen of the State of Nevada and of the United States.  Plaintiff is a "consumer" as defined by § 1681a(c) of the FCRA.

4.      The Defendant EQUIFAX INFORMATION SERVICES LLC ("EQUIFAX") is a corporate entity licensed to do business in the State of Nevada.

5.      Equifax is a consumer reporting agency, as defined in § 1681(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

FACTUAL ALLEGATIONS

6.      Plaintiff's creditworthiness has been repeatedly compromised by the acts, obduracy and general indifference of the Defendant.

7.      Defendant is misreporting a $978 collection account from Allied Collection Services [ACS] on Plaintiff's otherwise excellent credit report.

8.      It is the only National Credit Reporting Agency doing so.

9.      Both Experian and Trans Union have deleted the damaging ACS account Defendant continues to obdurately misreport.

10.     Defendant reports the collection account notwithstanding repeated *explicit* direction from ACS to delete it.

11.     On February 12, 2015 Plaintiff acquired her three (3) credit profiles from Trans Union (Exhibit 1), Experian (Exhibit 2) and Defendant (Exhibit 3) respectively.

12.     Exhibits 1 through 3 reflect an improper assignment to ACS.

13.     The ACS tradeline was the sole delinquent entry on Plaintiff's otherwise outstanding reports.

14.     On March 24, 2015 ACS *itself* instructed Trans Union, Experian and Defendant to delete its account (Exhibit 4).

15.     On May 7, 2015 Plaintiff again acquired her reports.

16.     Trans Union had dutifully deleted the ACS collection account (Exhibit 5).

17.     Experian likewise deleted the ACS tradeline (Exhibit 6).

18.     But mirthful Equifax obstinately refused to delete the ACS account demonstrating its stubborn resistance to both practical and moral influence (Exhibit 7).

19.     On June 16, 2015 Plaintiff disputed the ACS account with Defendant.

20.     Plaintiff advised Defendant of her desire to apply for financing.

21.     Plaintiff provided Defendant a copy of the Universal Data Form generated by ACS on March 24, 2015 (Exhibit 4).

22.     Exhibit 4 reflects ACS's explicit instruction to Defendant to delete its collection entry.

23.     On June 29, 2015 Defendant provided Plaintiff a "revised" copy of her credit profile in response to her dispute (Exhibit 8).

24.     Incomprehensibly, Exhibit 8 reflects Defendant's continued reporting of the ACS collection account.

25.     Neither Experian nor Trans Union reported the ACS account since deleting it in March.

26.     Plaintiff has suffered meaningful emotional distress as a result of Defendant's conduct. <u>McCollough v. Johnson, Rodenburg & Lauinger</u>, LLC, 637 F.3d 939, 957 (9th Cir. 2011).

STATEMENT OF CLAIM AS AGAINST DEFENDANT

27.     In the entire course of its action, Defendant willfully and/or negligently violated the provisions of the FCRA in the following respects:

   a.     By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports.

   b.     By willfully and/or negligently failing to comport with FCRA §1681i.

///

///

Page 3

PRAYER FOR RELIEF

THEREFORE, Plaintiff prays that the court grant the following relief as against Defendant:

        a.     actual damages;

        b.     punitive damages;

        c.     attorney's fees; and

        d.     costs.

Respectfully submitted,

_____
MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 W. Charleston Blvd. #95
Las Vegas, Nevada 89102
Attorney for Plaintiff